IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HSUANYEH LAW GROUP PC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| WINSTON & STRAWN LLP, | ) Jury Trial Demanded |
| MICHAEL R. RUECKHEIM, | ) |
| YA-CHIAO CHANG, | ) |
| VIVEK V. KRISHNAN, and | ) |
| EVAN D. LEWIS, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Hsuanyeh Law Group, PC, brings this action against Defendants, Winston & Strawn LLP, Michael R. Rueckheim, Ya-Chiao Chang, Vivek V. Krishnan, and Evan D. Lewis for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§ 101 *et seq*.

**THE PARTIES**

1. Plaintiff, Hsuanyeh Law Group, PC ("HLG" or "Plaintiff") is a Massachusetts Professional Corporation founded by Attorney Hsuanyeh Chang, PhD ("Dr. Chang") with its principal place of business at 11 Beacon Street, Suite 900, Boston, MA 02108. HLG is a small intellectual property boutique law firm with 6 attorneys.

2. Defendant, Winston & Strawn LLP ("Winston" or "Defendant One") is a Delaware Limited Liability Partnership having a place of business at 200 Park Avenue, New York, NY 10166. Winston is an international law firm with more than 160 years of history and a total of about 1,000 attorneys.

3. Defendant, Michael R. Rueckheim ("Rueckheim" or "Defendant Two") is an individual with a place of business at 255 Shoreline Drive, Suite 520, Redwood City, CA 94065. Rueckheim is a partner at Winston's Silicon Valley office and the chair of Winston's Silicon Valley Litigation Practice.

4. Defendant, Ya-Chiao Chang ("Y. Chang" or "Defendant Three") is an individual with a place of business at 28th Floor, Jin Mao Building 88 Century Boulevard, Shanghai Pudong New Area 200121, People's Republic of China. Y. Chang is a partner at Winston's Shanghai office.

5. Defendant, Vivek V. Krishnan ("Krishnan" or "Defendant Four") is an individual with a place of business at 35 W. Wacker Drive, Chicago, IL 60601. Krishnan is an associate attorney at Winston's Chicago office.

6. Defendant, Evan D. Lewis ("Lewis" or "Defendant Five") is an individual with a place of business at 800 Capitol Street, Suite 2400, Houston, TX 77002. Lewis is an associate attorney at Winston's Houston office.

7. On information and belief, Winston, Rueckheim, Y. Chang, Krishnan, and Lewis (collectively, "Defendants") conduct business in this District and have committed the infringing acts alleged herein knowing that they would cause harm to HLG in this District.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this is a civil action arising under 17 U.S.C. §§ 101 *et seq*.

9. This Court has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. §§ 1391(b) and 1400(a), because Defendants or their agent may be found in this District.

## FACTS

10. This case arises out of a large law firm's willful or reckless disregard of the intellectual property rights of another.

11. HLG represented Phison Electronics Corporation ("Phison") in a patent infringement action brought by Unification Technologies LLC ("UTL") in the U.S. District Court for the Eastern District of Texas, Case No. 2:23-cv-00266-JRG-RSP ("the '266 Case"). The '266 Case is now closed.

12. Defendants represent Silicon Motion, Inc. ("SMI") in another patent infringement action brought by UTL in the U.S. District Court for the Eastern District of Texas, Case No. 2:23-cv-00267-JRG-RSP ("the '267 Case"). The parties in the '267 Case have reached an agreement in principle for settlement.

13. On August 18, 2023, the '266 and '267 Cases were consolidated by court order with the '266 Case being the lead case. No joint defense agreement has ever been entered into between co-defendants Phison and SMI in the consolidated case.

14. On August 23, 2023, HLG filed a Rule 12 Motion ("HLG's Rule 12 Motion") in the '266 Case on behalf of Phison. Attached hereto as Exhibit A is a true and correct copy of HLG's Rule 12 Motion.

15. HLG's Rule 12 Motion is registered with the United States Copyright Office as Registration No. TX 9-306-333 ("Copyright Registration"), effective August 30, 2023. Attached as Exhibit B is a true and correct copy of the registration certificate.

16. On August 23, 2023, immediately after HLG's filing of its Rule 12 Motion, Defendant Three reached out to Dr. Chang via instant messenger WeChat, transmitting a screenshot of the first page of HLG's Rule 12 Motion and commending in the Chinese language

that HLG's Rule 12 Motion is "impressive." No authorization was sought to copy or otherwise use HLG's Rule 12 Motion for the '267 Case.

17. The next day, on August 24, 2023, Defendants filed their Rule 12 Motion ("Defendants' Rule 12 Motion") signed by Defendant Two on behalf of SMI. Attached hereto as Exhibit C is a true and correct copy of Defendants' Rule 12 Motion.

18. Defendants' Rule 12 Motion copied HLG's Rule 12 Motion nearly verbatim. Defendants did not even rewrite their own introduction. This fact is substantiated in Section II of UTL's Response in Opposition to Defendants' Rule 12 Motion filed on September 6, 2023 ("UTL's Response"). Attached hereto as Exhibit D is a true and correct copy of UTL's Response.

19. This Court has held that a lawyer's legal brief is copyrightable. See, *White v. West Pub. Corp.*, No. 12-cv-1340-JSR (S.D.N.Y. Jul. 3, 2014). Another U.S. District Court has held that a lawyer copying another lawyer's legal brief is not fair use. See, *Newegg Inc. v. Ezra Sutton, P.A.*, No. 15-CV-01395, 2016 WL 6747629 (C.D. Cal. Sep. 13, 2016).

20. Dr. Chang contacted Defendant Three at least four times via WeChat (once on August 25, 2023, once on September 13, 2023, once on September 14, 2023, and once on November 28, 2023) in an attempt to initiate discussion regarding Defendants' unauthorized copying of HLG's Rule 12 Motion. Defendant Three, however, disregarded all of Dr. Chang's inquiries.

21. On November 29, 2023, Defendant Three deleted Dr. Chang from his listing of friends on WeChat. As such, Dr. Chang can no longer correspond with Defendant Three through WeChat since then.

22. Following Defendant Three's deletion of Dr. Chang from WeChat, on November 29, 2023, Dr. Chang emailed Defendants Two and Three a Notice of Copyright Infringement with

a copy of the Copyright Registration, requesting once again a meeting. Attached hereto as Exhibit E is a true and correct copy of Dr. Chang's email of November 29, 2023.

23. On December 15, 2023, Winston through its Assistant General Counsel, Attorney Brant Weidner, emailed Dr. Chang a formal letter ("Winston's Formal Response") in response to Dr. Chang's email of November 29, 2023. Attached hereto as Exhibit F is a true and correct copy of Winston's Formal Response.

24. Winston's Formal Response does not seek authorization to copy or otherwise use HLG's Rule 12 Motion. Nor does Winston's Formal Response argue that Defendants' copying of HLG's Rule 12 Motion may constitute fair use. Instead, Winston's Formal Response focuses only on the potential monetary value that Plaintiff may be entitled.

25. Under 17 U.S.C. § 504(c)(2), the maximum statutory damage for copyright infringement is $150,000, an amount rarely awarded according to Defendants. See Exhibit F.

26. Winston's Chairman told *The American Lawyer* that Winston's 2022 gross revenue exceeded one billion U.S. dollars with each partner making on average more than three million U.S. dollars that year. See Exhibit G.

27. In view of the great disproportion between the statutory damage and a large law firm's annual income, absent injunctive relief and/or other regulations, large firm lawyers would be encouraged to simply plagiarize other lawyers' copyrighted works without authorization.

## COUNT I – COPYRIGHT INFRINGEMENT

28. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-27 above.

29. Plaintiff owns all right, title, and interest in and to the copyright for HLG's Rule 12 Motion, as evident from a valid Copyright Registration. See Exhibit B.

30. Plaintiff has never authorized Defendants to reproduce HLG's Rule 12 Motion or prepare derivative works based upon HLG's Rule 12 Motion.

31. Defendants had access to HLG's Rule 12 Motion, at least because Defendant Three transmitted to Dr. Chang on August 23, 2023, a screenshot of the first page of HLG's Rule 12 Motion.

32. Defendants' Rule 12 Motion bears striking resemblance to HLG's Rule 12 Motion.

33. Defendants' infringing acts violate Plaintiff's exclusive rights to reproduce HLG's Rule 12 Motion under 17 U.S.C. § 106(1) and to prepare derivative works based upon HLG's Rule 12 Motion under 17 U.S.C. § 106(2).

34. Defendants' infringing acts are willful, for their objective recklessness, See. Compare *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 264 (2d Cir. 2005) and because Defendants were actually aware of the infringing activity or because Defendants' actions were the result of reckless disregard for or willful blindness to Plaintiff's rights. See, *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011).

35. Plaintiff has suffered irreparable, material, and substantial harms and damages as a result of Defendants' infringing acts as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants:

A. That Defendants have willfully and knowingly infringed Plaintiff's copyright;

B. That Defendants be temporarily and permanently enjoined from infringing copyrighted works of other law firms, pursuant to 17 U.S.C. § 502;

C. That Defendants be ordered to furnish an account of the profits attributable to Defendants' infringing conducts;

D.      That Defendants be ordered to pay actual damages sustained by Plaintiff as a result of Defendants' infringing conducts, with the exact amount to be established during trial;

E.      That Defendants be ordered to pay statutory damages pursuant to 17 U.S.C. § 504(c);

F.      That Defendants be ordered to pay Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

G.      That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial of all issues triable to a jury.

Respectfully submitted,

Dated: December 26, 2023

*/s/ Lance Liu*
Lance Liu, Esq.
NY Bar No. 3002946
15 Minuteman Circle
Southbury, CT 06488
Lanceliu2000@Gmail.com
(203)706-9536

**ATTORNEY FOR PLAINTIFF**
**HSUANYEH LAW GROUP, PC**