# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNIFICATION TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:23-cv-00266-JRG-RSP |
| | ) | |
| PHISON ELECTRONICS CORPORATION, | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANT PHISON ELECTRONICS CORPORATION'S**
**RULE 12 MOTION TO DISMISS PLAINTIFF'S PRE-SUIT WILLFULNESS CLAIMS**
**AND STRIKE CERTAIN ALLEGATIONS**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ....................................................................................................1

II.     FACTUAL BACKGROUND...................................................................................2

    A.   The Complaint ................................................................................................2

        1.   UTL's allegations regarding Phison's knowledge of the Asserted Patents ...................2

        2.   UTL's assertion of egregious conduct by Phison...........................................3

    B.   UTL's Letter Identifying the Asserted Patents.............................................3

III.    LEGAL STANDARD .............................................................................................3

    A.   Willful Infringement.......................................................................................4

    B.   Rule 12(f) Motion to Strike ...........................................................................5

IV.    ARGUMENT...........................................................................................................6

    A.   Unification's Complaint Fails to Plausibly Allege a Claim for Pre-Suit Willful Infringement.............................................................................6

    B.   Unification's Complaint Contains Redundant, Immaterial, and Scandalous Matter Within the Meaning of Rule 12(f)...................................7

        1.   UTL's accusation is redundant and immaterial...........................................7

        2.   UTL's accusation is scandalous ...................................................................8

        3.   UTL's accusation has no possible relation to the controversy......................9

        4.   Striking UTL's accusation will not cause prejudice ....................................9

V.     CONCLUSION .......................................................................................................9

# **TABLE OF AUTHORITIES**

**CASES**

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*,
    306 F.2d 862 (5th Cir. 1962)........................................................................ 5, 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................... 4

*Brown & Williamson Tobacco Corp. v. United States*,
    201 F.2d 819 (6th Cir. 1953)..................................................................... 5, 6, 9

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
    946 F.3d 1367 (Fed. Cir. 2020) ...................................................................... 4

*Florance v. Buchmeyer*,
    500 F. Supp. 2d 618 (N.D. Tex. 2007)............................................................ 5

*FTC v. Think All Pub. LLC*,
    564 F.Supp.2d 663 (E.D. Tex. 2008) ............................................................. 5

*Halo Elecs, Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ................................................................................. 4, 8

*Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La.*,
    No. 09–6270 (E.D. La. Apr. 28, 2010) ........................................................... 5

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
    594 F.3d 383 (5th Cir. 2010)) ......................................................................... 4

*NXP USA Inc. v. MediaTek Inc.*,
    No. 2:21-cv-00318 (E.D. Tex. March 15, 2022)............................................. 4

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
    No. 2:16-cv- 1032, 2017 WL 8727249, (E.D. Tex. Sept. 22, 2017)........... 4, 7

*Script Sec. Solns. L.L.C. v. Amazon.com, Inc.*,
    170 F.Supp.3d 928 (E.D. Tex. 2016) ............................................................. 4

*Sec. & Exch. Comm'n v. Blackburn*,
    No. 15-2451 (E.D. La. Sept. 23, 2015) ........................................................... 5

*Turner v. Pleasant*,
    663 F.3d 770 (5th Cir. 2011)........................................................................... 4

*United States v. Coney*,
689 F.3d 365 (5th Cir. 2012) ............................................................................................. 6

## STATUTES AND RULES

11 U.S.C. § 523(a)(1)(c) ------------------------------------------------------------------------------ 6

35 U.S.C. § 284 --------------------------------------------------------------------------------- 3, 4, 7, 8

Fed. R. Civ. P. 8(a) ----------------------------------------------------------------------------------- 3

Fed. R. Civ. P. 8(a)(2)-------------------------------------------------------------------------------- 3

Fed. R. Civ. P. 12(b)(6) ------------------------------------------------------------------------- 1, 3

Fed. R. Civ. P. 12(f) ------------------------------------------------------------------------- 1, 5, 7, 10

Local Rule CV-7(a)(1) ------------------------------------------------------------------------------ 1

## OTHER AUTHORITIES

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and  Procedure § 1382
(3d ED. 2004) ---------------------------------------------------------------------------------------- 6

## I.     INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), Phison Electronics Corporation ("Phison") moves to dismiss Plaintiff Unification Technologies LLC's ("UTL's" or "Plaintiff's") pre-suit willfulness claims in this action, and to strike UTL's insufficient, immaterial, and scandalous accusations that Phison's actions are "wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement." UTL's Complaint lacks factual allegations showing that Phison knew of UTL's patents prior to UTL's commencement of litigation, and UTL's conclusory accusations regarding Phison's supposedly egregious behavior – which are unnecessary to state a claim for willfulness and lack any underlying factual support – should be stricken from the pleading. Phison submits this concise motion, in accordance with Local Rule CV-7(a)(1), with two issues to be decided by the Court:

(1) Whether Plaintiff UTL's Complaint fails to state a plausible claim for pre-suit willful infringement for each of U.S. Patent Nos. 9,575,902 (the "'902 Patent"), 11,061,825 (the "'825 Patent"), 11,573,909 (the "'909 Patent"), and 11,640,359 (the "'359 Patent") (collectively, the "Asserted Patents" or "Patents-In-Suit"); and

(2) Whether Plaintiff UTL's statement repeated in each of paragraphs 57, 80, 101, and 122 of the Complaint (each a willful infringement allegation) describing Phison's actions as "wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement" is redundant, immaterial, impertinent, or scandalous matter within the meaning of Fed. R. Civ. P. 12(f).

## II.   FACTUAL BACKGROUND

### A.   The Complaint

UTL filed this suit on June 2, 2023, accusing Phison of direct infringement, inducement of infringement and willful infringement of the four Asserted Patents. Compl. ¶¶ 36, 57, 63, 80, 86, 101, 107, 122 (ECF No. 1). In its description of the parties, UTL describes itself as a Texas Limited Liability Company with its principal place of business in Frisco, Texas. *Id.* ¶ 1. UTL does not disclose its own business but describes Phison as a Taiwanese corporation and a "market leader in NAND flash controllers and related products sold and distributed in the United States and the World," *Id.* at ¶ 2. UTL further alleges that Phison and its subsidiary conduct business activities in the United States in places such as Texas and California. *Id.* ¶¶ 3, 7-13. UTL's allegations further note that Phison sells its controllers to "KIOXIA, Kingston and Micron," and "major brand customers and system integrators in the U.S., Europe and Japan." *Id.* ¶ 18. UTL also notes in its allegations Phison's product literature describing its development partnership with Seagate. *Id.* ¶ 66.

#### 1.   <u>UTL's allegations regarding Phison's knowledge of the Asserted Patents</u>

Under a boldface, underlined and all-capital heading, "DEFENDANT'S PRE-SUIT KNOWLEDGE OF ITS INFRINGEMENT," UTL states that it "sent a letter to Phison prior to filing this Complaint identifying the Asserted Patents as being infringed by exemplary Phison products, and further includ[ing] claim charts demonstrating how the identified products infringe the Asserted Patents." *Id.* ¶ 30. In each count of its Complaint, UTL adds that Phison knew of the Asserted Patents at a minimum, "since being served with this Complaint," and then repeats that "Phison also has knowledge of the [ ] Patent since receiving detailed correspondence from UTL prior to the filing of the Complaint, alerting Phison to its infringements." *Id.* ¶¶ 56, 79, 100, 121.

2.      UTL's assertion of egregious conduct by Phison

UTL also alleges in each count that "Phison's infringing activities relative to the [ ] Patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that UTL is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed." *Id.* ¶¶ 57, 80, 101, 122. UTL does not identify in its Complaint what of Phison's alleged conduct it considers to be egregious.

**B.      UTL's Letter Identifying the Asserted Patents**

In a letter dated May 30, 2023, UTL, through its counsel, described the Asserted Patents in a message addressed to Phison's president. Chin Decl., Ex. A.[1] The letter enclosed claim charts regarding the Asserted Patents and invited Phison to discuss the portfolio.[2] *Id.* However, the letter was not received at Phison's offices in Taiwan until June 2, 2023, the day UTL filed its Complaint. *Id.*, Exs. B-C.

**III.      LEGAL STANDARD**

**A.      Motions to Dismiss under Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) permits dismissal of claims that fail to meet this standard. Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate "if the complaint fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir.

---

[1]      "Chin Decl." refers to the Declaration of Douglas E. Chin, filed concurrently and in support of this motion.

[2]      The enclosed claim charts were received by Phison with cut-off and blurred portions, and despite UTL's overture seeking discussion, no other communication was received from UTL prior to suit.

2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). When considering the motion, "[t]he court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Solns. L.L.C. v. Amazon.com, Inc.*, 170 F.Supp.3d 928 (E.D. Tex. 2016) (citing *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010)).

### B.   Willful Infringement

A plaintiff may claim enhanced damages for infringement under 35 U.S.C. § 284, which allows a court to increase damages up to three times the amount found or assessed. 35 U.S.C. § 284; *see also Halo Elecs, Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) (describing the enhanced damages available under § 284 as "punitive or 'increased' damages [that] could be recovered 'in a case of willful or bad-faith infringement'" (citation omitted). To plead such willful infringement under § 284, a plaintiff must allege that the defendant intentionally or knowingly infringed the asserted patents. *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-cv- 1032, 2017 WL 8727249, at *2 (E.D. Tex. Sept. 22, 2017) (citing *Halo*, 136 S. Ct. at 1926). No more than this is necessary at the pleading stage, because intentional or knowing infringement is all the concept of 'willfulness' requires a jury to find. *NXP USA Inc. v. MediaTek Inc.*, No. 2:21-cv-00318 (E.D. Tex. March 15, 2022) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367 (Fed. Cir. 2020)).

The question of whether an accused infringer's conduct rises to the level of egregious behavior is not appropriate for jury consideration, and is addressed by the court once an affirmative finding of willfulness has been made. *Eko Brands*, 946 F.3d at 1378. Thus, whether an accused infringer's conduct is "egregious behavior" is committed to the discretion of the district court. *Id.*

C.       **Rule 12(f) Motion to Strike**

Upon motion made by a party before responding to a pleading, the court may strike from a

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). Courts have used their discretion to strike material no longer having relevance

to issues before the court, *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La.,*

No. 09–6270 (E.D. La. Apr. 28, 2010) (striking declaratory claim for relief because conditions

under which relief was sought did not occur, and issue was moot), or that adds nothing to factual

allegations, claims or defenses already before the court, *FTC v. Think All Pub. LLC*, 564 F.Supp.2d

663, 665-66 (E.D. Tex. 2008) (striking affirmative defenses that were merely "restatements of

denials of certain allegations that were made elsewhere in the Defendants' Answer"). Regarding

whether the challenged matter is redundant, immaterial, impertinent or scandalous:

> "It is normally apparent on the face of the pleading whether the challenged matter
> is objectionable under Rule 12(f). 'Redundant' matter consists of allegations that
> constitute 'a needless repetition of other averments in the pleading.' 5C Charles
> Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.
> 2004). 'Immaterial' matter is that which 'has no essential or important
> relationship to the claim for relief or the defenses being pleaded,' such as
> superfluous historical allegations, 'or a statement of unnecessary particulars in
> connection with and descriptive of that which is material.' *Id*. Furthermore,
> 'impertinent' matter consists of statements that 'do not pertain, and are not
> necessary, to the issues in question.' *Id*. Lastly, 'scandalous' matter is that which
> 'improperly casts a derogatory light on someone,' *id.*, or 'states anything in
> repulsive language that detracts from the dignity of the court.' *Florance v.
> Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007)."

 *Sec. & Exch. Comm'n v. Blackburn*, No. 15-2451 (E.D. La. Sept. 23, 2015).

In the Fifth Circuit, "motion[s] to strike should be granted only when the pleading to be

stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of

Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco

Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *accord United States v. Coney*, 689

F.3d 365, 379 (5th Cir. 2012). In its holding setting forth the foregoing rule, the Sixth Circuit in

*Brown* noted the danger of removing relevant factual allegations from a dispute, stating:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

201 F.2d at 822 (citations omitted). The appeals court then reversed the ruling below and instructed

the district court to reinstate the factual allegations removed from the answer, because the

allegations related to valid issues of fact and law that might be raised at trial. *Id.* at 823. Consistent

with this reasoning in *Brown*, the Fifth Circuit has reversed the striking of factual allegations that

form an alternative basis for a party's position in a dispute, *Coney*, 689 F.3d at 1379 ("Here, the

disputed statements were material and pertinent to the underlying controversy because filing a

fraudulent tax return is an alternative basis for nondischargeability under 11 U.S.C. §

523(a)(1)(C)") or that describe an injury suffered by parties to a dispute, *Augustus*, 306 F.2d at

868 ("[A]ppellants call attention to the averment of the complaint that, 'the plaintiffs, and members

of their class, are injured by the policy . . . .' The appellants argue that the district court erred in

assuming that the Negro pupils *could not* be injured by that policy. . . . [W]e do not think that a

matter of such importance should be decided on motion to strike.").

## IV.     ARGUMENT

### A.     Unification's Complaint Fails to Plausibly Allege a Claim for Pre-Suit Willful Infringement

It's simple: UTL's own Complaint shows that Phison was made aware of the Asserted

Patents contemporaneously with this suit, and not before. Beneath a boldface, underlined and all-

capital heading entitled "DEFENDANT'S PRE-SUIT KNOWLEDGE OF ITS

INFRINGEMENT," UTL announces that its basis for alleging Phison's pre-suit knowledge is the

letter it sent Phison prior to filing the Complaint. Compl. ¶ 30. But, as shown above, *Phison didn't receive the letter until June 2, the day UTL filed this suit*. Chin Decl. Exs. B-C. Accepting the allegations in UTL's Complaint as true, UTL's reliance on this letter establishes that Phison's knowledge of the Asserted Patents began on the same date as this action.

A claim for willful infringement requires that intentional or knowing infringement be alleged, *Plano Encryption Techs.*, 2017 WL 8727249, at *2, and UTL's Complaint lacks factual allegations suggesting that Phison possessed such knowledge prior to suit. UTL alleges the contrary, in fact, and thus UTL has pleaded its way out of a pre-suit willfulness claim.

### B.    Unification's Complaint Contains Redundant, Immaterial, and Scandalous Matter Within the Meaning of Rule 12(f)

UTL's Complaint contains the conclusory statement that Phison's alleged infringement for each of the Asserted Patents is not only willful, but "wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement" (Compl. ¶¶ 57, 80, 101, 122), an accusation that adds nothing to the controversy, and should be stricken under Rule 12(f).

1.    UTL's accusation is redundant and immaterial

UTL's accusation is redundant and immaterial because UTL has separately invoked 35 U.S.C. § 284, alleging that Phison had (1) knowledge of the Asserted Patents and (2) committed underlying acts of direct infringement and inducement of infringement in a (3) 'willful' manner, Compl. ¶¶ 30, 36, 57, 63, 80, 86, 101, 107, 122, and the accusation raises no claim for relief or factual allegation on its own. To the extent UTL intended its accusation to comprise its willfulness claim, it is duplicative of the separate allegations establishing that willfulness claim[3], and is

---

[3]    As stated *supra* at section IV.A, Phison disputes whether UTL has successfully pled a claim for pre-suit willful infringement. Though Phison does not challenge UTL's claims for post-suit

therefore redundant. To the extent that UTL's accusation is meant to direct the Court in its determination regarding willful infringement, the accusation is unsupported by any facts and is therefore immaterial. For while it alludes to behavior that might warrant enhanced damages,[4] the accusation is unsupported by any allegation in UTL's Complaint that might distinguish the alleged acts of infringement from typical, "garden-variety"[5] infringement. And because there is no such support for the accusation of egregious behavior, UTL's accusation amounts to an unfounded assertion – just the bare conclusion UTL wants the Court to make on its willfulness claim.[6]

2.    UTL's accusation is scandalous

Though UTL's accusation is redundant and immaterial, it does impugn Phison's business reputation, and is therefore scandalous. UTL's Complaint describes Phison as a "market leader in NAND flash controllers and related products sold and distributed in the United States and the World," Compl. ¶ 2. Portions of the paragraphs in UTL's pleading further describe Phison's and its subsidiary's activities in places across the United States such as Texas and California, supporting customers and partners such as Micron, Kingston, and Seagate. *Id.* ¶¶ 3, 7-13, 18, 66.[7]

---

willful infringement, direct infringement, or inducement of infringement in this motion, it reserves the right to do so in accordance with Fed. R. Civ. P. 12(h)(2).

[4]    "The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad- faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*,  136 S. Ct. at 1932 (citation omitted).

[5]    *Halo*,  136 S. Ct. at 1935 (noting the careful policy balance that would be disrupted if enhanced damages were awarded in such cases).

[6]    The Supreme Court has further stated that egregious behavior is not even a guarantee of enhanced damages for willful infringement. *Halo*, 136 S. Ct. at 1933-34 ("[N]one of this is to say that enhanced damages must follow a finding of egregious misconduct. As with any exercise of discretion, courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount. Section 284 permits district courts to exercise their discretion in a manner free from the inelastic constraints of the *Seagate* test").

[7]    Phison reserves its right to dispute or deny portions of these paragraphs, and in no way intends any statement in this motion as a wholesale admission of the allegations of any paragraph in the Complaint. Phison will specify the particular allegations admitted or denied in these paragraphs in its Answer.

Rather than even suggesting questionable behavior, these descriptions are a nod to Phison's dedication over the last twenty-plus years to providing valuable and reliable products and services to its customers. UTL's wholly unsupported accusation about egregious behavior by Phison adversely affects its relationships with its customers but serves no useful purpose in this suit or anywhere else. Accordingly, this scandalous accusation should be stricken from the pleading.

### 3. UTL's accusation has no possible relation to the controversy

UTL's conclusory accusation is just that and nothing more. By itself it raises no issue of fact or law to be decided, and therefore has no possible relation to the controversy. *See Brown*, 201 F.2d at 823 (holding that the *Brown* defendants had raised such issues in the allegations that had been removed, and thus the material should not have been stricken).

### 4. Striking UTL's accusation will not cause prejudice

Should UTL find some basis to allege this accusation during discovery (it will not), UTL will have ample opportunity to assert it in a motion for summary judgment or at trial for the Court's review. No delay will result from striking this accusation, as UTL's claim for willful infringement is separate and will be unaffected, and UTL's accusation does not relate to any question for the jury. UTL's accusation should not be allowed to remain in the Complaint untethered to any factual allegation and based on future facts that may or may not exist (they do not).

## V.    CONCLUSION

For all of the foregoing reasons, Phison respectfully requests that the Court GRANT this Motion and find that:

(1) Plaintiff UTL's Complaint fails to state a plausible claim for pre-suit willful infringement for each of U.S. Patent Nos. 9,575,902, 11,061,825, 11,573,909, and 11,640,359; and

(2) Plaintiff UTL's statement repeated in each of paragraphs 57, 80, 101, and 122 of the Complaint describing Phison's actions as "wanton, malicious, in bad-faith, deliberate, consciously

wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement" is redundant, immaterial, impertinent, or scandalous matter within the meaning of Fed. R. Civ. P. 12(f) and is stricken from the pleading.

Dated: August 23, 2023                    Respectfully submitted,

By:  */s/ Douglas E. Chin* _____
       **Douglas E. Chin**
       **Hsuanyeh Chang, PhD**
       **Stephen Y. Chow**
       **Peter C. Yi**
       HSUANYEH LAW GROUP, PC
       11 Beacon Street, Suite 900
       Boston, MA 02108
       Tel: (617) 886-9088
       Email: doug.chin@hsuanyeh.com
       Email: hsuanyeh@hsuanyeh.com
       Email: stephen.y.chow@hsuanyeh.com
       Email: peter.yi@hsuanyeh.com

       Attorneys for Phison Electronics Corp.

## CERTIFICATE OF SERVICE

I, Douglas E. Chin, counsel for Phison Electronics Corp., hereby certify that, on August 23, 2023, I served a copy of *Defendant Phison Electronics Corporation's Rule 12 Motion To Dismiss Plaintiff's Pre-Suit Willfulness Claims And Strike Certain Allegations* and attachments on counsel for Unification Technologies LLC by filing this document electronically through the Electronic Case Filing (ECF) system.

  */s/ Douglas E. Chin*
Douglas E. Chin

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

**TX 9-306-333**

**Effective Date of Registration:**
August 30, 2023
**Registration Decision Date:**
September 05, 2023

---

## Title _____

**Title of Work:** DEFENDANT PHISON ELECTRONICS CORPORATION'S RULE 12
MOTION TO DISMISS PLAINTIFF'S PRE-SUIT WILLFULNESS CLAIMS
AND STRIKE CERTAIN ALLEGATIONS

## Completion/Publication _____

**Year of Completion:** 2023
**Date of 1st Publication:** August 23, 2023
**Nation of 1st Publication:** United States

## Author _____

- **Author:** Hsuanyeh Law Group PC
  **Author Created:** text
  **Work made for hire:** Yes
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant _____

**Copyright Claimant:** Hsuanyeh Law Group PC
11 Beacon Street, Suite 900, Boston, MA, 02108, United States

## Limitation of copyright claim _____

**Material excluded from this claim:** text by others including judicial decisions, legal citations and case law.

**New material included in claim:** text

## Rights and Permissions _____

**Organization Name:** Hsuanyeh Law Group PC
**Name:** Hsuanyeh Chang
**Email:** hsuanyeh@hsuanyeh.com

**Telephone:** (617)886-9388
**Alt. Telephone:** (617)886-9088
**Address:** 11 Beacon Street
Suite 900
Boston, MA 02108 United States

## Certification

**Name:** Hsuanyeh Chang
**Date:** August 30, 2023

**Correspondence:** Yes

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNIFICATION TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:23-cv-00266-JRG-RSP |
| | ) | (LEAD CASE) |
| PHISON ELECTRONICS | ) | |
| CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| UNIFICATION TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:23-cv-00267-JRG-RSP |
| | ) | (MEMBER CASE) |
| SILICON MOTION, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT SILICON MOTION, INC.'S
RULE 12 MOTION TO DISMISS PLAINTIFF'S PRE-SUIT WILLFULNESS AND
INDIRECT INFRINGEMENT CLAIMS AND STRIKE CERTAIN ALLEGATIONS**

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................ 1

II.    FACTUAL BACKGROUND ............................................................................. 2

     A.      The Complaint .................................................................................... 2

         1.      UTL's allegations regarding SMI's knowledge of the Asserted Patents ..... 2

         2.      UTL's assertion of egregious conduct by SMI .................................. 2

     B.      UTL's Letter Identifying the Asserted Patents ..................................... 3

III.   LEGAL STANDARD ......................................................................................... 3

     A.      Motions to Dismiss under Rule 12(b)(6) ............................................. 3

     B.      Willful And Indirect Infringement ...................................................... 3

     C.      Rule 12(f) Motion to Strike ................................................................ 4

IV.   ARGUMENT ...................................................................................................... 6

     A.      Unification's Complaint Fails to Plausibly Allege a Claim for Pre-Suit Willful and Indirect Infringement ...................................................................... 6

     B.      Unification's Complaint Contains Redundant, Immaterial, and Scandalous Matter Within the Meaning of Rule 12(f) ........................................................... 6

         1.      UTL's accusation is redundant and immaterial ................................ 7

         2.      UTL's accusation is scandalous ...................................................... 8

         3.      UTL's accusation has no possible relation to the controversy .................. 8

         4.      Striking UTL's accusation will not cause prejudice ........................... 9

V.     CONCLUSION ................................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*,
  306 F.2d 862 (5th Cir. 1962) ................................................................5, 6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................4

*Corydoras Tech., LLC v. Apple Inc.*,
  No. 2:16-CV-00538-JRG, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016) ..........................4

*Brown & Williamson Tobacco Corp. v. United States*,
  201 F.2d 819 (6th Cir. 1953) ..............................................................5, 6, 9

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
  946 F.3d 1367 (Fed. Cir. 2020) ..........................................................4

*Florance v. Buchmeyer*,
  500 F. Supp. 2d 618 (N.D. Tex. 2007) ....................................................5

*FTC v. Think All Pub. LLC*,
  564 F.Supp.2d 663 (E.D. Tex. 2008) ......................................................5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) .......................................................................4

*Halo Elecs, Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016) ................................................................4, 8

*Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La.*,
  No. 09–6270 (E.D. La. Apr. 28, 2010) ....................................................5

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010)) ..........................................................4

*NXP USA Inc. v. MediaTek Inc.*,
  No. 2:21-cv-00318 (E.D. Tex. March 15, 2022) ..........................................4

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
  No. 2:16-cv-1032, 2017 WL 8727249, (E.D. Tex. Sept. 22, 2017) ........................4, 7

*Script Sec. Solns. L.L.C. v. Amazon.com, Inc.*,
  170 F.Supp.3d 928 (E.D. Tex. 2016) ....................................................4

*Sec. & Exch. Comm'n v. Blackburn*,
  No. 15-2451 (E.D. La. Sept. 23, 2015) ..................................................5

*Turner v. Pleasant*,
    663 F.3d 770 (5th Cir. 2011) ............................................................................4

*United States v. Coney*,
    689 F.3d 365 (5th Cir. 2012) ............................................................................6

## **STATUTES AND RULES**

11 U.S.C. § 523(a)(1)(c) ..............................................................................................6

35 U.S.C. § 284 ............................................................................................3, 4, 7, 8

Fed. R. Civ. P. 8(a) ......................................................................................................3

Fed. R. Civ. P. 8(a)(2) .................................................................................................3

Fed. R. Civ. P. 12(b)(6) ..........................................................................................1, 3

Fed. R. Civ. P. 12(f).........................................................................................1, 5, 7, 10

Local Rule CV-7(a)(1) .................................................................................................1

## OTHER AUTHORITIES

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ED. 2004) ......................................................................................................................6

## I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), Silicon Motion, Inc.'s ("SMI") moves to dismiss Plaintiff Unification Technologies LLC's ("UTL's" or "Plaintiff's") pre-suit willfulness and indirect infringement claims in this action, and to strike UTL's insufficient, immaterial, and scandalous accusations that SMI's actions are "wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement." UTL's Complaint lacks factual allegations showing that SMI knew of UTL's patents prior to UTL's commencement of litigation, and UTL's conclusory accusations regarding SMI's supposedly egregious behavior – which are unnecessary to state a claim for willfulness and lack any underlying factual support – should be stricken from the pleading. SMI submits this concise motion, in accordance with Local Rule CV-7(a)(1), with two issues to be decided by the Court:

(1)    Whether Plaintiff UTL's Complaint fails to state a plausible claim for pre-suit willful and indirect infringement for each of U.S. Patent Nos. 9,575,902 (the "'902 Patent"), 11,061,825 (the "'825 Patent"), 11,573,909 (the "'909 Patent"), and 11,640,359 (the "'359 Patent") (collectively, the "Asserted Patents" or "Patents-In-Suit"); and

(2)    Whether Plaintiff UTL's statement repeated in each of paragraphs 36, 61-62, 84-85, 105-06, 126-27, 128 of the Complaint (each a willful infringement allegation) describing SMI's actions as "wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement" is redundant, immaterial, impertinent, or scandalous matter within the meaning of Fed. R. Civ. P. 12(f).

## II.    FACTUAL BACKGROUND

### A.    The Complaint

UTL filed this suit on June 2, 2023, accusing SMI of direct infringement, inducement of infringement and willful infringement of the four Asserted Patents. Compl. ¶¶ 19, 23-25, 37-127 (Dkt No. 1). In its description of the parties, UTL describes itself as a Texas Limited Liability Company with its principal place of business in Frisco, Texas. *Id*. ¶ 1. UTL does not disclose its own business but describes SMI as a Taiwanese corporation and a "leading manufacturer, designer and seller of semiconductors, microcontrollers, and SoC products in the United States and the world." *Id*. at ¶ 2. UTL further alleges that SMI and its subsidiary conduct business activities in the United States in places such as Texas and California. *Id*. ¶¶ 2-3, 7-13.

#### 1.    UTL's allegations regarding SMI's knowledge of the Asserted Patents

Under a boldface, underlined and all-capital heading, "DEFENDANT'S PRE-SUIT KNOWLEDGE OF ITS INFRINGEMENT," UTL states that it "sent a letter to SMI prior to filing this Complaint identifying the Asserted Patents as being infringed by exemplary SMI products, and further includ[ing] claim charts demonstrating how the identified products infringe the Asserted Patents." *Id*. ¶ 35. In each count of its Complaint, UTL adds that SMI knew of the Asserted Patents at a minimum, "since being served with this Complaint," and then repeats that "SMI also has knowledge of the [ ] Patent since receiving detailed correspondence from UTL prior to the filing of the Complaint, alerting SMI to its infringements." *Id*. ¶¶ 61, 83, 104, 125.

#### 2.    UTL's assertion of egregious conduct by SMI

UTL also alleges in each count that "SMI's infringing activities relative to the [ ] Patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that UTL is entitled to enhanced damages under 35 U.S.C. § 284 up to three

times the amount found or assessed." *Id.* ¶¶ 62, 84, 105, 126. UTL does not identify in its Complaint what of SMI's alleged conduct it considers to be egregious.

### B. UTL's Letter Identifying the Asserted Patents

In a letter dated May 30, 2023, UTL, through its counsel, described the Asserted Patents in a message addressed to SMI. The letter enclosed claim charts regarding the Asserted Patents and invited SMI to discuss the portfolio. However, the letter was not received at SMI's offices in Taiwan until June 2, 2023, the day UTL filed its Complaint. Ex. A, FedEx Tracking Information.

## III. LEGAL STANDARD

### A. Motions to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) permits dismissal of claims that fail to meet this standard. Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate "if the complaint fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). When considering the motion, "[t]he court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Solns. L.L.C. v. Amazon.com, Inc.*, 170 F.Supp.3d 928 (E.D. Tex. 2016) (citing *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010)).

### B. Willful And Indirect Infringement

To plead willful infringement under § 284, a plaintiff must allege that the defendant intentionally or knowingly infringed the asserted patents. *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032, 2017 WL 8727249, at *2 (E.D. Tex. Sept. 22, 2017) (citing *Halo*, 136 S. Ct. at 1926). No more than this is necessary at the pleading stage, because intentional or

knowing infringement is all the concept of 'willfulness' requires a jury to find. *NXP USA Inc. v. MediaTek Inc.*, No. 2:21-cv-00318 (E.D. Tex. March 15, 2022) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367 (Fed. Cir. 2020)). The question of whether an accused infringer's conduct rises to the level of egregious behavior is not appropriate for jury consideration and is addressed by the court once an affirmative finding of willfulness has been made. *Eko Brands*, 946 F.3d at 1378. Thus, whether an accused infringer's conduct is "egregious behavior" is committed to the discretion of the district court. *Id.*

To plead indirect infringement, a plaintiff must plead that an accused infringer had knowledge of the patents-in-suit. *See Corydoras Tech., LLC v. Apple Inc.*, 2:16-CV-00538-JRG, 2016 WL 9242435, at *2 (E.D. Tex. Nov. 23, 2016) ("[A] patentee cannot recover on claims of indirect infringement for acts occurring prior to the accused infringer having knowledge of the asserted patents.") (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 763-65 (2011)).

### C.     Rule 12(f) Motion to Strike

Upon motion made by a party before responding to a pleading, the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Courts have used their discretion to strike material no longer having relevance to issues before the court, *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La.*, No. 09–6270 (E.D. La. Apr. 28, 2010) (striking declaratory claim for relief because conditions under which relief was sought did not occur, and issue was moot), or that adds nothing to factual allegations, claims or defenses already before the court, *FTC v. Think All Pub. LLC*, 564 F.Supp.2d 663, 665-66 (E.D. Tex. 2008) (striking affirmative defenses that were merely "restatements of denials of certain allegations that were made elsewhere in the Defendants' Answer"). Regarding whether the challenged matter is redundant, immaterial, impertinent or scandalous:

> "It is normally apparent on the face of the pleading whether the challenged matter is objectionable under Rule 12(f). 'Redundant' matter consists of allegations that constitute 'a needless repetition of other averments in the pleading.' 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004). 'Immaterial' matter is that which 'has no essential or important relationship to the claim for relief or the defenses being pleaded,' such as superfluous historical allegations, 'or a statement of unnecessary particulars in connection with and descriptive of that which is material.' *Id*. Furthermore, 'impertinent' matter consists of statements that 'do not pertain, and are not necessary, to the issues in question.' *Id*. Lastly, 'scandalous' matter is that which 'improperly casts a derogatory light on someone,' *Id*., or 'states anything in repulsive language that detracts from the dignity of the court.' *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007)."

*Sec. & Exch. Comm'n v. Blackburn*, No. 15-2451 (E.D. La. Sept. 23, 2015).

In the Fifth Circuit, "motion[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *accord United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). In its holding setting forth the foregoing rule, the Sixth Circuit in *Brown* noted the danger of removing relevant factual allegations from a dispute, stating:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

201 F.2d at 822 (citations omitted). The appeals court then reversed the ruling below and instructed the district court to reinstate the factual allegations removed from the answer, because the allegations related to valid issues of fact and law that might be raised at trial. *Id*. at 823. Consistent with this reasoning in *Brown*, the Fifth Circuit has reversed the striking of factual allegations that form an alternative basis for a party's position in a dispute, *Coney*, 689 F.3d at 1379 ("Here, the disputed statements were material and pertinent to the underlying controversy because filing a fraudulent tax return is an alternative basis for nondischargeability under 11 U.S.C. §

5

523(a)(1)(C)") or that describe an injury suffered by parties to a dispute, *Augustus*, 306 F.2d at 868

("[A]ppellants call attention to the averment of the complaint that, 'the plaintiffs, and members of

their class, are injured by the policy . . . .' The appellants argue that the district court erred in

assuming that the Negro pupils *could not* be injured by that policy. . . . [W]e do not think that a

matter of such importance should be decided on motion to strike.").

## IV.    ARGUMENT

### A.    Unification's Complaint Fails to Plausibly Allege a Claim for Pre-Suit Willful and Indirect Infringement

UTL's own Complaint shows that SMI was made aware of the Asserted Patents

contemporaneously with this suit, and not before. Beneath a boldface, underlined and all-capital

heading entitled "DEFENDANT'S PRE-SUIT KNOWLEDGE OF ITS INFRINGEMENT," UTL

announces that its basis for alleging SMI's pre-suit knowledge is the letter it sent SMI prior to

filing the Complaint. Compl. ¶¶ 35-36. But, as shown above, *SMI didn't receive the letter until

June 2, the day UTL filed this suit*. Ex. A. Accepting the allegations in UTL's Complaint as true,

UTL's reliance on this letter establishes that SMI's knowledge of the Asserted Patents began on

the same date as this action.

A claim for willful and/or indirect infringement requires that intentional or knowing

infringement be alleged, *Plano Encryption Techs.*, 2017 WL 8727249, at *2, and UTL's Complaint

lacks factual allegations suggesting that SMI possessed such knowledge prior to suit. UTL alleges

the contrary, in fact, and thus UTL has pleaded its way out of a pre-suit willfulness and/or indirect

infringement claim.

### B.    Unification's Complaint Contains Redundant, Immaterial, and Scandalous Matter Within the Meaning of Rule 12(f)

UTL's Complaint contains the conclusory statement that SMI's alleged infringement for

each of the Asserted Patents is not only willful, but "wanton, malicious, in bad-faith, deliberate,

consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement" (Compl. ¶¶ 62, 84, 105, 126), an accusation that adds nothing to the controversy, and should be stricken under Rule 12(f).

              1.    <u>UTL's accusation is redundant and immaterial</u>

UTL's accusation is redundant and immaterial because UTL has separately invoked 35 U.S.C. § 284, alleging that SMI had (1) knowledge of the Asserted Patents and (2) committed underlying acts of direct infringement and inducement of infringement in a (3) 'willful' manner, (Compl. ¶¶ 62-63, 84-85, 105-106, 126-27) and the accusation raises no claim for relief or factual allegation on its own. To the extent UTL intended its accusation to comprise its willfulness claim, it is duplicative of the separate allegations establishing that willfulness claim[1], and is therefore redundant. To the extent that UTL's accusation is meant to direct the Court in its determination regarding willful infringement, the accusation is unsupported by any facts and is therefore immaterial. For while it alludes to behavior that might warrant enhanced damages,[2] the accusation is unsupported by any allegation in UTL's Complaint that might distinguish the alleged acts of infringement from typical, "garden-variety"[3] infringement. And because there is no such support

---

[1] As stated *supra* at section IV.A, SMI disputes whether UTL has successfully pled a claim for pre-suit willful and indirect infringement. Though SMI does not challenge UTL's claims for post-suit willful infringement, direct infringement, or inducement of infringement in this motion, it reserves the right to do so in accordance with Fed. R. Civ. P. 12(h)(2).

[2] "The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932 (citation omitted).

[3] *Halo*, 136 S. Ct. at 1935 (noting the careful policy balance that would be disrupted if enhanced damages were awarded in such cases).

for the accusation of egregious behavior, UTL's accusation amounts to an unfounded assertion – just the bare conclusion UTL wants the Court to make on its willfulness claim.[4]

### 2. UTL's accusation is scandalous

Though UTL's accusation is redundant and immaterial, it does impugn SMI's business reputation, and is therefore scandalous. UTL's Complaint describes SMI as a "leading manufacturer, designer and seller of semiconductors, microcontrollers, and SoC products in the United States and the world." Compl. ¶ 2. Portions of the paragraphs in UTL's pleading further describe SMI's and its subsidiary's activities in places across the United States such as Texas and California. *Id.* ¶¶ 2-3, 7-13.[5] Rather than even suggesting questionable behavior, these descriptions are a nod to SMI's dedication over the last twenty-plus years to providing valuable and reliable products and services to its customers. UTL's wholly unsupported accusation about egregious behavior by SMI adversely affects its relationships with its customers but serves no useful purpose in this suit or anywhere else. Accordingly, this scandalous accusation should be stricken from the pleading.

### 3. UTL's accusation has no possible relation to the controversy

UTL's conclusory accusation is just that and nothing more. By itself it raises no issue of fact or law to be decided, and therefore has no possible relation to the controversy. *See Brown*, 201

---

[4] The Supreme Court has further stated that egregious behavior is not even a guarantee of enhanced damages for willful infringement. *Halo*, 136 S. Ct. at 1933-34 ("[N]one of this is to say that enhanced damages must follow a finding of egregious misconduct. As with any exercise of discretion, courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount. Section 284 permits district courts to exercise their discretion in a manner free from the inelastic constraints of the *Seagate* test").

[5] SMI reserves its right to dispute or deny portions of these paragraphs, and in no way intends any statement in this motion as a wholesale admission of the allegations of any paragraph in the Complaint. SMI will specify the particular allegations admitted or denied in these paragraphs in its Answer.

F.2d at 823 (holding that the *Brown* defendants had raised such issues in the allegations that had been removed, and thus the material should not have been stricken).

    4.    <u>Striking UTL's accusation will not cause prejudice</u>

Should UTL find some basis to allege this accusation during discovery (it will not), UTL will have ample opportunity to assert it in a motion for summary judgment or at trial for the Court's review. No delay will result from striking this accusation, as UTL's claim for willful infringement is separate and will be unaffected, and UTL's accusation does not relate to any question for the jury. UTL's accusation should not be allowed to remain in the Complaint untethered to any factual allegation and based on future facts that may or may not exist (they do not).

## V.    CONCLUSION

For all of the foregoing reasons, SMI respectfully requests that the Court GRANT this Motion and find that:

(1)    Plaintiff UTL's Complaint fails to state a plausible claim for pre-suit willful and indirect infringement for each of U.S. Patent Nos. 9,575,902, 11,061,825, 11,573,909, and 11,640,359; and

(2)    Plaintiff UTL's statement repeated in each of paragraphs 62, 84, 105, 126 of the Complaint describing SMI's actions as "wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement" is redundant, immaterial, impertinent, or scandalous matter within the meaning of Fed. R. Civ. P. 12(f) and is stricken from the pleading.

Dated: August 24, 2023

                                                     Respectfully submitted,

                                                     */s/ Michael R. Rueckheim*
                                                     Michael R. Rueckheim
                                                     State Bar No. 24081129
                                                     MRueckheim@winston.com

WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Ya-Chiao Chang
State Bar No. 24070992
YChang@winston.com
WINSTON & STRAWN LLP
28th Floor Jin Mao Building
88 Century Avenue
Shanghai 200121
China
Telephone: +86 (21) 2208-2600
Facsimile: +86 (21) 5298-5262

Vivek V. Krishnan (*Pro Hac Vice* to be submitted)
VKrishnan@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5700
Facsimile: (312) 558-5700

Evan D. Lewis (*Pro Hac Vice* to be submitted)
EDlewis@winston.com
WINSTON & STRAWN LLP
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**SILICON MOTION, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 24, 2023, a true and correct copy of the attached document was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim

EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| Unification Technologies LLC, | |
| Plaintiff, | Civil Action No. 2:23-cv-00266-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| Phison Electronics Corporation, | Lead Case |
| Defendant. | |
| Unification Technologies LLC, | |
| Plaintiff, | Civil Action No. 2:23-cv-00267-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| Silicon Motion Inc., | |
| Defendant. | |

**PLAINTIFF UNIFICATION TECHNOLOGIES LLC'S RESPONSE IN OPPOSITION TO DEFENDANT SILICON MOTION, INC.'S RULE 12 MOTION TO DISMISS PLAINTIFF'S PRE-SUIT WILLFULNESS AND INDIRECT INFRINGEMENT CLAIMS AND STRIKE CERTAIN ALLEGATIONS**

# Table of Contents

I.    Introduction .................................................................................................................. 1

II.    Relation to Phison's Motion ........................................................................................ 1

III.    Relevant Factual Background ...................................................................................... 2

IV.    Legal Standards ........................................................................................................... 3

    A. Motion to Dismiss Under Rule 12(b)(6) .............................................................. 3

    B. Willful Infringement ............................................................................................. 4

    C. Indirect Infringement ........................................................................................... 4

    D. Motion to Strike Under Rule 12(f) ....................................................................... 5

V.    Argument ..................................................................................................................... 6

    A. UTL Properly Plead Pre-Suit Willfulness and Indirect Infringement. ................. 6

    B. UTL's Pleading of the Supreme Court's Description of Conduct Warranting Enhanced Damages Should Not Be Stricken......................................................... 7

VI.    Conclusion .................................................................................................................. 9

**Table of Contents**

**Cases**

*Augustus v. Bd. of Pub. Instruction*,

    306 F.2d 862 (5th Cir. 1962) ................................................................................. 5

*Bell Atl. Corp. v. Twombly*,

    550 U.S. 544 (2007) ........................................................................................... 3

*Brown & Williamson Tobacco Corp. v. United States*,

    201 F.2d 819 (6th Cir. 1953) ........................................................................... 5, 9

*Corydoras Tech., LLC v. Apple Inc.*,

    2:16-CV-00538-JRG, 2016 U.S. Dist. LEXIS 194959 (E.D. Tex. Nov. 23, 2016 ................... 4

*Global-Tech Appliances, Inc. v. SEB S.A.*,

    563 U.S. 754  (2011) ......................................................................................... 5

*Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*,

    No. 2:21-CV-00213-JRG, 2022 U.S. Dist. LEXIS 101114 (E.D. Tex. June 6, 2022) ............... 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,

    579 U.S. 93 (2016) ........................................................................................ 4, 8

*In re Gitto Global Corp.*,

    422 F.3d 1 (1st Cir. 2005) ................................................................................. 9

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,

    594 F.3d 383 (5th Cir. 2010) .............................................................................. 4

*Lormand v. US Unwired, Inc.*,

    565 F.3d 228 (5th Cir. 2009) .............................................................................. 4

*Malibu Boats, LLC v. MasterCraft Boat Co., LLC*,

    No. 3:16-CV-82-TAV-HBG, 2016 U.S. Dist. LEXIS 183202 (E.D. Tenn. Oct. 28, 2016) ....... 4

*Merrill Mfg. Co. v. Simmons Mfg. Co.*,

    553 F. Supp. 3d 1297 (N.D. Ga. 2021) ................................................................ 4

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,

    No. 2:16-cv-1032-JRG, 2017 U.S. Dist. LEXIS 221765 (E.D. Tex. Sep. 22, 2017) ............ 4

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,

    170 F. Supp. 3d 928 (E.D. Tex. 2016) ................................................................ 3

*SEC v. Blackburn*,

    No. 15-2451, 2015 U.S. Dist. LEXIS 127562 (E.D. La. Sep. 23, 2015) ............................. 5, 8

*Test Masters Educ. Servs., Inc. v. Singh*,

    428 F.3d 559 (5th Cir. 2005) ........................................................................................ 4

*Thompson v. City of Waco*,

    764 F.3d 500 (5th Cir. 2014) ..................................................................................... 3, 6

*United States v. Coney*,

    689 F.3d 365 (5th Cir. 2012) ........................................................................................ 9

## Statutes

    35 U.S.C § 284 ............................................................................................................ 1

## Other Authorities

    5C Fed. Prac. & Proc. ("Wright and Miller") § 1382 (3d ed. Supp. 2015) .................................. 5

## Rules

    Fed. R. Civ. P. 8(a)(2) ................................................................................................. 3

    Fed. R. Civ. P 12(b)(6) ....................................................................................... *passim*

    Fed. R. Civ. P. 12(f) ............................................................................................. 1, 5, 9

## I.    Introduction

Plaintiff Unification Technologies LLC ("UTL") provided Defendant Silicon Motion Inc. ("SMI" or "Defendant") with notice of SMI's infringement before it filed this case. Based in part on this pre-suit knowledge, UTL asserted willfulness and indirect infringement claims, and alleged that SMI's conduct is in accord with the Supreme Court's description of conduct justifying enhanced damages under 35 U.S.C § 284. Through its Motion,[1] SMI asks the Court to dismiss UTL's pre-suit willfulness and indirect infringement claims under Rule 12(b)(6) and strike language quoted from the Supreme Court under Rule 12(f). SMI asserts incorrectly that it received notice of UTL's patents the same day suit was filed (though it does not argue the notice was *after* suit was filed) and contends that the enhanced damages language is redundant, immaterial, and scandalous.

As explained more fully below, neither of SMI's arguments meet the high bar for dismissal under Rule 12(b)(6) or striking under Rule 12(f). SMI's Motion should be denied because: (a) SMI received notice sufficient to support willfulness and indirect infringement claims *before* suit was filed; and (b) the disputed language in UTL's Complaint[2] properly apprised SMI of UTL's claim for enhanced damages.

## II.    Relation to Phison's Motion

The Court consolidated UTL's case against SMI with the Lead Case involving Phison Electronics Corporation ("Phison") for all pretrial issues and purposes. *See* Dkt. 16. On August 23, 2023, Phison filed a Rule 12 Motion to Dismiss Plaintiff's Pre-Suit Willfulness Claims and Strike Certain Allegations. *See* Dkt. 17. The following day SMI filed the instant Motion copying

---

[1] "Motion" refers to SMI's Rule 12 Motion to Dismiss Plaintiff's Pre-Suit Willfulness Claims and Strike Certain Allegations filed at Dkt. 18.
[2] "Complaint" refers to Plaintiff's Complaint for Patent Infringement filed at Dkt. 1 in Civil Action No. 2:23-cv-00267-JRG-RSP.

Phison's motion nearly verbatim, including Phison's citation to case law without reporter or pinpoint pages (*see, e.g.*, Motion at 4 (*NXP*) and 5 (*Blackburn*)).[3] SMI, however, extended Phison's argument regarding the date of notice of the Asserted Patents to UTL's indirect infringement claims (*see, e.g.*, Motion at 1, 4, 6). To address this additional argument and clearly delineate between the similar but separate facts for each Defendant, UTL files this separate response, but apprises the Court that the substantive arguments are essentially the same and that UTL has endeavored to present them in essentially the same order to avoid duplication of effort.

### III. Relevant Factual Background

On May 30, 2023, UTL sent correspondence to SMI "identifying the Asserted Patents as being infringed by exemplary SMI products, and further included claim charts demonstrating how the identified products infringe the Asserted Patents." Complaint at ¶ 35. The FedEx tracking information SMI submitted with its Motion confirms that the package with the letter was picked up May 30, 2023. *See* Dkt. 18, Ex. A at 1.

Nevertheless, SMI asserts that "the letter was not received at SMI's offices in Taiwan until June 2, 2023, the day that UTL filed its Complaint." Motion at 3. This is misleading. SMI's assertion ignores the fact that Taiwan and Texas (where the Complaint was filed and the letter was sent from) reside in different time zones separated by the International Date Line. The FedEx tracking information SMI submitted as Exhibit A to the Motion tracks each event in its local time. This tracking information indicates that the package was received by FedEx in Garland, TX on May 30, 2023, at 2:29PM *in Texas* and delivered in Chu Nan Tsen, Taiwan on

---

[3] Also, although SMI did translate the paragraph numbers from the Phison Complaint to its own Complaint in the second numbered paragraph on page 1 of the Motion (referring to the "statement repeated in each of paragraphs 36, 61-62, 84-85, 105-06, 126-27, 128 of the Complaint"), the disputed statement in fact only appears in paragraphs 62, 84, 105, and 126. *See* Complaint at ¶¶ 62, 84, 105, and 126.

June 2, 2023, at 11:04AM *in Taiwan*. *See* Dkt. 18, Ex. A. SMI uses these dates to claim that it received notice on the same day UTL filed suit. This is incorrect.

When the FedEx tracking data is set to use the "Origin" time zone (Central) for all events, it is clear that SMI received notice prior to suit being filed. Ex. 1, FedEx tracking. SMI received the notice letter on June 1, 2023 at 10:04 PM Central. *Id*. Thereafter, on June 2, 2023, at 1:36PM Central, UTL sent an electronic copy of this correspondence to SMI's email listed at https://www.siliconmotion.com/legal as well as an email for a senior manager in SMI's legal department. Ex. 2.[4] UTL then filed the Complaint on June 2, 2023, at 3:16 PM Central. Ex. 3, ECF notice for Complaint. The time of this filing in Taiwan was June 3, 2023, at 4:16AM.

## IV.    Legal Standards

### A.  Motion to Dismiss Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a complaint that fails to meet this standard. FED. R. CIV. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state "enough facts such that the claim to relief is plausible on its face." *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. *Id*. "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (*quoting Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.

---

[4] SMI's Motion does not address this additional notice.

2010)). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*quoting Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

## B. Willful Infringement

"A claim for willful infringement must allege that infringement was 'intentional or knowing.'" *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, Civil Action No. 2:16-cv-1032-JRG, 2017 U.S. Dist. LEXIS 221765, at *5 (E.D. Tex. Sep. 22, 2017) (*quoting Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926 (2016)). "A plaintiff's plausible allegations concerning knowledge of the patents-in-suit may be sufficient and this court has so held in prior cases." *Id*. (citations omitted). Defendant does not cite, and UTL is unaware of, any case setting forth a duration requirement for pre-suit knowledge to support a claim for willful infringement. Indeed, courts have held that claims for willful infringement may be appropriate even where suit was brought on the day the patent issued. *See, e.g.*, *Malibu Boats, LLC v. MasterCraft Boat Co., LLC*, No. 3:16-CV-82-TAV-HBG, 2016 U.S. Dist. LEXIS 183202, at *15 (E.D. Tenn. Oct. 28, 2016). Moreover, "post-complaint knowledge has been found to be sufficient under *Halo* to assert a claim of willfulness." *Plano Encryption Techs.*, 2017 U.S. Dist. LEXIS 221765, at *5 (citation omitted); *see also Merrill Mfg. Co. v. Simmons Mfg. Co.*, 553 F. Supp. 3d 1297, 1306 (N.D. Ga. 2021) (noting that "most courts" hold that post-filing conduct may support a claim for willful infringement).

## C. Indirect Infringement

To plead indirect infringement, a plaintiff must plead that an accused infringer had knowledge of the patents-in-suit. *See Corydoras Tech., LLC v. Apple Inc.*, 2:16-CV-00538-JRG, 2016 U.S. Dist. LEXIS 194959, at *2 (E.D. Tex. Nov. 23, 2016) ("[A] patentee cannot recover on claims of indirect infringement for acts occurring prior to the accused infringer having

knowledge of the asserted patents.") (*citing Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 763-65 (2011)). Defendant has cited no case law, and UTL has found none, requiring a pre-suit claim for indirect infringement to plead knowledge within any particular timeframe other than prior to filing suit.

### D. Motion to Strike Under Rule 12(f)

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The action of striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted). For this reason, a motion to strike should be granted "only when the pleading to be stricken has no possible relation to the controversy." *Id.* In addition, "[a] disputed question of fact cannot be decided on motion to strike." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). And, "courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike" "when there is no showing of prejudicial harm to the moving party." *Id.*

Defendant includes a block quote from an E.D. Louisiana case articulating (based on Wright & Miller) what may constitute "redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f). *See* Motion at 5 (*quoting*, without reporter or pinpoint cite, *SEC v. Blackburn*, No. 15-2451, 2015 U.S. Dist. LEXIS 127562, at *6-7 (E.D. La. Sep. 23, 2015)). Defendant's block quote omits the last sentence of the Louisiana court's paragraph noting that: "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." *Blackburn*, 2015 U.S. Dist. LEXIS 127562, at *7 (*citing* 5C FED. PRAC. & PROC. ("Wright and Miller") § 1382 (3d ed. Supp. 2015)).

## V.      Argument

### A.  UTL Properly Plead Pre-Suit Willfulness and Indirect Infringement.

UTL sent SMI multiple notices prior to filing suit. *See supra* Section III. These notices

identified the Asserted Patents as being infringed by exemplary SMI products and included claim

charts demonstrating how the identified products infringe the Asserted Patents. *Id.* UTL pleaded

the same. *See* Complaint at ¶ 35; *see also* ¶¶ 62, 84, 105, 126 (pleading willfulness for

continuing infringing conduct despite knowledge of each patent) *and* ¶¶ 61, 83, 104, 125

(pleading knowledge as part of indirect infringement claims). Nothing more is required at this

stage to maintain UTL's willfulness or indirect infringement claims.

SMI does not dispute that UTL sent a letter, that the letter identified the Asserted Patents

as being infringed, or that the letter included claim charts for the Asserted Patents. *See* Motion at

3. Instead, SMI argues that "UTL's Complaint lacks factual allegations showing that SMI knew

of UTL's patents prior to UTL's commencement of litigation." Motion at 1. But that is not true.

UTL's Complaint includes the requisite allegations. *See* Complaint at ¶ 35. SMI also asserts that

"the letter [from UTL] was not received at SMI offices in Taiwan until June 2, 2023, the day

UTL filed its Complaint." Motion at 3. But, that is not true either. As explained above, SMI

received the letter the day before UTL filed its Complaint. *See supra* Section III.

SMI's Motion does not argue that it received notice after suit was filed. Instead, SMI

argues that "SMI was made aware of the Asserted Patents contemporaneously with this suit, and

not before," and "SMI's knowledge of the Asserted Patents began on the same date as this

action." Motion at 6. Given that SMI received the notice letter *before* UTL filed suit, SMI's

allegations amount to, at most, factual disputes that must be resolved in UTL's favor. *See*

*Thompson*, 764 F.3d at 502.

The timing of SMI's awareness of the Asserted Patents is particularly inappropriate for resolution on a motion to dismiss. The facts are what they are, and they and will be developed through discovery.[5] SMI's infringement (direct and indirect), its willfulness, and the precise timing of its infringement and willfulness should be addressed in the normal course of this case. SMI's request to dismiss pre-suit willfulness and indirect infringement at the pleadings stage is inappropriate on these facts. For at least these reasons, SMI motion to dismiss UTL's pre-suit willfulness and indirect infringement claims under Rule 12(b)(6) should be denied.

### B. UTL's Pleading of the Supreme Court's Description of Conduct Warranting Enhanced Damages Should Not Be Stricken.

UTL's Complaint includes one paragraph for each Asserted Patent providing SMI with notice that UTL contends enhanced damages under Section 284 are warranted in this case. *See* Complaint at ¶¶ 62, 84, 105, and 126. Each such paragraph provides:

> On information and belief, despite having knowledge of the [asserted] Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the [asserted] Patent, SMI has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. SMI's infringing activities relative to the [asserted] Patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that UTL is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed.

*Id*. SMI asks the Court to strike the portion asserting that SMI's infringing activities have been "wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement." Motion at 1, 6-7.

---

[5] For example, UTL believes that SMI received notice of the Asserted Patents in connection with discovery requests in *Unification Technologies LLC v. Micron Tech., Inc.*, 6:20-cv-500 (W.D. Tex. 2020) that caused or should have caused it to investigate the Asserted Patents. *See* Dkt. 97, *Unification Technologies LLC v. Micron Tech., Inc* (W.D. Tex.) (Case No. 6:20-cv-500).

SMI acknowledges that the disputed language "alludes to behavior that might warrant enhanced damages" from the Supreme Court's decision in *Halo*. Motion at 7 n.2. In fact, UTL's pleadings do not allude to, but quote, the Supreme Court's description of "[t]he sort of conduct warranting enhanced damages." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016). UTL properly plead this language from the Supreme Court to put SMI on notice of its contentions regarding enhanced damages in this case. SMI fails to show that this language should be stricken.

UTL's pleading the Supreme Court's description of conduct warranting enhanced damages is not redundant or immaterial. SMI acknowledges that "'[r]edundant' matter consists of allegations that constitute 'a needless repetition of other averments in the pleading'" and "'[i]mmaterial' matter is that which 'has no essential or important relationship to the claim for relief or the defenses being pleaded.'" Motion at 5 (*quoting Blackburn*, 2015 U.S. Dist. LEXIS 127562, at *6). The disputed language is not redundant to invoking Section 284 as it includes the Supreme Court's explication of the conduct justifying enhanced damages under that section. *See Halo*, 579 U.S. at 103-04. The language is also distinct from merely invoking willfulness. Nor is the language immaterial as pleading a request for enhanced damages bears a direct and important relationship to UTL's claims—i.e., that it contends enhanced damages are warranted.

SMI does not argue the disputed language is impertinent, nor does SMI meet the standard for striking "scandalous" material that it articulates. *See* Motion at 5 (*quoting Blackburn*, 2015 U.S. Dist. LEXIS 127562, at *6) and Motion at 8-9. Reciting the Supreme Court's standard for enhanced damages can neither "*improperly* cast[] a derogatory light on someone" nor "state[] anything in repulsive language that detracts from the dignity of the court." *See Blackburn,* 2015 U.S. Dist. LEXIS 127562, at *6-7 (emphasis added). That this pleading offends SMI's

sensibilities is likewise not justification for striking it as "scandalous" under Rule 12(f). *See United States v. Coney*, 689 F.3d 365, 380 (5th Cir. 2012) (*citing In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005) (holding that a pleading is not "scandalous" under Rule 12(f) merely because "the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action[;] [a]s a result, courts have permitted allegations to remain in the pleadings when they supported and were relevant to a claim for punitive damages")).

SMI has not shown that the disputed language meets any of the standards for being stricken under Rule 12(f). Moreover, a "motion to strike should be granted *only* when the pleading to be stri[c]ken has *no possible relation to the controversy*." *Brown & Williamson*, 201 F.2d 819, 822 (emphasis added). UTL properly puts SMI on notice that it contends enhanced damages are warranted in this case in accordance with the Supreme Court's description of the type of conduct that would justify such enhanced damages. SMI is not prejudiced by receiving such notice. *Cf. Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00213-JRG, 2022 U.S. Dist. LEXIS 101114, at *14 (E.D. Tex. June 6, 2022) ("the Court finds that IP Bridge is not prejudiced by receiving notice of Nokia's contentions that Defendants have not willfully infringed, that IP Bridge's damages are limited by statute, or that FRAND rates may apply to the Asserted Patents."). If SMI disagrees with the characterizations of its infringing conduct, the appropriate course would seem to be denying these allegations in its Answer and endeavoring to prove its case rather than striking the disputed language from UTL's Complaint.

## VI. Conclusion

For the foregoing reasons, UTL respectfully requests that the Court deny Silicon Motion, Inc.'s Rule 12 Motion to Dismiss Plaintiff's Pre-Suit Willfulness and Indirect Infringement

Claims and Strike Certain Allegations and grant any further relief the Court deems just and appropriate.

Dated: September 6, 2023

Respectfully submitted,

*/s/ David T. DeZern*
**Edward R. Nelson III**
State Bar No. 00797142
**Robert A. Delafield II**
State Bar No. 24065137
**Nelson Bumgardner Conroy PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Tel: (817) 377-9111
ed@nelbum.com
bobby@nelbum.com

**Jonathan H. Rastegar**
State Bar No. 24064043
**David T. DeZern**
State Bar No. 24059677
**Nelson Bumgardner Conroy PC**
2727 N. Harwood St., Suite 250
Dallas, TX 75201
Tel: (817) 377-9111
jon@nelbum.com
david@nelbum.com

**Attorneys for Plaintiff**
**Unification Technologies LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 6, 2023.

*/s/ David T. DeZern*

10

EXHIBIT E

**Subject:** Notice of Copyright Infringement

**Date:** Wednesday, November 29, 2023 at 11:00:28 PM Eastern Standard Time

**From:** Hsuanyeh Chang

**To:** Chang, Ya-Chiao

**CC:** Rueckheim, Mike

**Priority:** High

**Attachments:** TX 9-306-333.pdf

Dear Ya-Chiao,

I write with great regret that despite my repeated attempts (at least four times) to engage in discussions regarding a potential amicable resolution for the copyright infringement matter, you have chosen not to respond. Following our disconnection on WeChat, I am reaching out once more to explore the possibility of resolving this issue outside of the judiciary.

Enclosed, please find a copy of the copyright registration (Reg. No. TX 9-306-333) for the legal brief (ECF 17) that was prepared and filed in the case of UTL v. Phison, 2:23-cv-266-JRG-RSP (EDTX). This document was previously transmitted to you via WeChat on September 13, 2023.

As you are aware, on August 23, 2023, shortly after the filing of our brief ECF 17, you, in your capacity as the co-defendant's counsel, contacted me through WeChat and shared a screenshot of the first page of our brief ECF 17. Subsequently, on August 24, 2023, your firm submitted your brief (ECF 18), signed by Attorney Rueckheim, copied herewith, in the same consolidated case. Notably, your brief ECF 18 bears striking resemblance to our brief ECF 17, a fact substantiated in UTL's responsive brief (ECF 23). We have never granted any license for you to copy our brief ECF 17.

As an experienced intellectual property attorney, you are undoubtedly aware that replicating another attorney's legal brief does not constitute fair use. See, for example, Newegg Inc. v. Ezra Sutton, P.A., 120 USPQ2d 1111 (C.D. Cal. 2016). Pursuant to the Copyright Act, a copyright infringer may be held liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by 17 USC 504(b), or (2) statutory damages, as provided by 17 USC 504(c). Please be advised that 17 USC 504(c)(2) empowers a court of competent jurisdiction to levy statutory damages of up to $150,000 if the infringement is deemed *willful*.

I urge you to consider the above and invite you to arrange a meeting with me at your earliest convenience. I hope to receive your response by Friday, December 1, 2023. Thank you for your attention to this matter.

Yours truly,

**Hsuanyeh Chang, PhD**
**Hsuanyeh Law Group PC**
Heralding Innovation™
Attorney-at-law | Patent Attorney
11 Beacon Street, Suite 900
Boston, MA 02108
+1 (617) 886-9088 (O) | +1 (617) 886-9388 (D) | +1 (617) 599-8282 (M)
www.hsuanyeh.com

*Only print this e-mail if necessary

This e-mail message is intended only for the designated recipient(s).  It may contain confidential or proprietary information and may be subject to the attorney-client privilege and/or other confidentiality protections.   If you are not the intended recipient, you may not review, retain, disseminate, distribute or copy this communication.  If you have received this communication in error, please notify us immediately by telephone or reply e-mail. Thank you.

# EXHIBIT F



WINSTON
&STRAWN
LLP

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

35 W. Wacker Drive
Chicago, IL 60601
T +1 (312) 558-5600
F +1 (312) 558-5700

**BRANT C. WEIDNER**
Assistant General Counsel
312/558-8328
BWeidner@winston.com

December 15, 2023

Hsuanyeh Chang, PhD
Hsuanyeh Law Group PC
11 Beacon Street, Suite 900
Boston, MA 02108

**Re: Your November 30, 2023 Email To Ya-Chiao Chang**

Dear Dr. Chang:

I write on behalf of Winston & Strawn LLP ("Winston") in response to your November 30, 2023 email to Ya-Chiao Chang entitled "Notice of Copyright Infringement." Thank you very much for your consideration in allowing us some time to review this matter before we responded to you. Once you have had a chance to review this letter and consider it, I am happy to have a discussion with you.

By way of brief factual background, I understand that, on August 23, 2023, your firm filed a motion to dismiss ("Motion") in an action captioned as *Unification Technologies LLC v. Phison Electronics Corporation, et al.*, Eastern District of Texas Case No. 2:23-cv-00266. I further understand that Winston filed its own motion to dismiss the next day, and that you claim that Winston's motion copied your Motion. A week after your firm filed the Motion, it obtained a copyright registration for the pleading, and you now threaten to sue Winston for copyright infringement.

My investigation so far has revealed that your threatened claim suffers from numerous substantive infirmities. In this response, however, I have focused on your assertion that you could obtain up to $150,000 in statutory damages from Winston.

Because you did not obtain the copyright registration until *after* Winston's alleged copying, you can recover statutory damages only if the Motion was "published" before the registration. 17 U.S.C. § 412. Any suggestion that the act of filing the Motion constitutes publication is incorrect.

Under the Copyright Act, "publication" means "the distribution of copies ... of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. 101. But, the act of filing a motion does not offer a work to the public for sale, rental, lease or any other kind of ownership. While it is true that the public can *access* documents filed in a federal court via the Pacer system, that is not enough to make the filing a publication, because "posting a digital file on the Internet lacks the element of commercial exploitation" that defines publication. *See, e.g., Feingold v. RageOn, Inc.*, 472 F. Supp. 3d 94, 100 (S.D.N.Y. 2020).



December 15, 2023
Page 2

Because making the document available on Pacer did not allow you to reap any commercial advantage from the Motion, it was at best a "public display" of the Motion, not a publication. *See* 17 U.S.C. § 101 ("A public performance or display of a work does not of itself constitute publication"). Accordingly, since the Motion was not published prior to registration, statutory damages are unavailable.

Even if, for the sake of argument, statutory damages were available, you could never recover anywhere near the statutory maximum of $150,000 that you suggest in your email. First, statutory damages are limited to $30,000 for non-willful infringement. 17 U.S.C. § 504(c). Willful infringement requires that a plaintiff show "(1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Berg v. Symons*, 393 F. Supp. 2d 525, 539 (S.D. Tex. 2005).

You will not be able to show willfulness in this matter. Indeed, no case has ever held that a law firm's copying of a co-defendant's motion constitutes infringement. Your reference to *Newegg Inc. v. Ezra Sutton, P.A* , 2016 WL 6747629, at *1 (C.D. Cal. Sept. 13, 2016) is inapposite because that case never reached the question of whether copyright law protects a publicly filed document or whether that right can be infringed by a co-defendant's counsel filing a similar motion in the same case. And, where copyright law is unsettled, as here, courts have declined to conclude that infringement is willful.[1]

As a result, should you proceed with the threatened copyright infringement case, statutory damages could be as little as $200 because the alleged "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2).

Every other factor informing the statutory damages analysis mandates only a minimal award, if any. For example, courts look to "the profits the defendant earned, the revenues the plaintiff lost, whether the defendant has cooperated in providing necessary information, and the potential for discouraging future copyright infringement by the defendant and others." *Tempest Pub., Inc. v, Hacienda Records & Recording Studio, Inc.*, 2015 WL 1246644, at *11 (S.D. Tex. 2015) (*citing Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir.1986)). Here, you lost no profits from the alleged copying and Winston gained none. Moreover, since your client has already been dismissed from the suit, and given that this sort of copyright claim is rarely prosecuted, the potential for discouraging future copyright infringement by the alleged infringer is minimal.

---

[1] *See, e.g., Princeton University Press v. Michigan Document Services, Inc.*, 99 F.3d 1381, 1392 (6th Cir. 1996) (holding copy shop's infringement of copyrighted excerpts in course packs not willful in view of fair use being "one of the most unsettled areas of law"); *Hearst Corp. v. Stark*, 639 F. Supp. 970, 979-80 (N.D. Cal. 1986) (holding importers' infringement of U.S. copyrights not willful where, in a case of "first impression," the applicability of a statute prohibiting importation of copyrighted materials had not previously been determined); and *Florentine Art Studio, Inc. v. Vedet K. Corp.*, 891 F. Supp. 532, 539 (C.D. Cal. 1995) (finding no willful infringement of copyrighted plaster statute, in part because innocent infringement was pervasive in the field, and infringer made a good faith effort to settle the matter as soon as infringement was brought to its attention).



December 15, 2023
Page 3

Respectfully, we do not believe that a court will welcome your request to use the copyright law to interfere with a lawyer's representation of its client, especially where the lawyer could have accomplished the same litigation strategy by joining the Motion. The difference between allegedly copying a motion and joining it is one of form over substance, which will only further reduce any possibility of statutory damages.

In summary, even if one were to assume that there was copyright infringement in this matter, the monetary value of any such claim is de minimis at best. Nonetheless, and as you requested, I encourage you to contact me to discuss at your earliest convenience.

Very truly yours,

Brant C. Weidner

# EXHIBIT G



**IN THE MEDIA**

# *The American Lawyer* Highlights the Firm's 2022 Growth and Revenue

APRIL 13, 2023

Winston & Strawn Chairman Tom Fitzgerald recently spoke with *The American Lawyer,* where he discussed the firm's 2022 revenue, hires and departures, litigation work in the last year, and what Winston is watching for in 2023.

In the interview, Tom told *The American Lawyer* that Winston grossed $1.146 billion while increasing profits per partner by 4% to about $3.143 million. "We recognized the opportunities that we had, but we did not invest too much. We basically met demand, and it turned out to be a lucky event for us, and a strategic opportunity for us to come out of last year having matched revenue and talent, and we're proud of that," Tom said.

While economic uncertainty has slowed transactions, Tom noted that litigation work was "off the charts," especially given the firm's representation of Boeing, Monsanto, and Abbott Laboratories. He stated that economic uncertainty, including whether the banking industry evens out after failures early this year, remains top of mind for Winston and corporate transactions in 2023.

"I think that once all those issues coalesce and we get that under control, and we get predictability, you will see the pace of corporate transactions pick up," he said. "Because there are corporations that are ready to be sold, if you find good companies that can be financed well and be submitted to the equity tranche in a way that makes sense, you can do deals. So, we just need to have the market calm down."

Read the full article.

1 Min Read

―――――

## Related Locations

Chicago

## Related Regions

North America

1

# Related Professionals



Thomas P. Fitzgerald

© 2023 Winston & Strawn LLP.