**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x

HSUANYEH LAW GROUP PC,

               Plaintiff,

    vs.

WINSTON & STRAWN LLP, MICHAEL R.
RUECKHEIM, YA-CHIAO CHANG, VIVEK
V. KRISHNAN, and EVAN D. LEWIS,

               Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:23-cv-11193-DLC

Jury Trial Demanded

------------------------------------x

### ANSWER TO THE COMPLAINT

      Defendants Winston & Strawn LLP ("Winston & Strawn"), Michael R. Rueckheim ("Mr. Rueckheim"), Ya-Chiao Chang ("Mr. Chang"), Vivek V. Krishnan ("Mr. Krishnan"), and Evan D. Lewis ("Mr. Lewis") (collectively, "Defendants"), by and through their counsel, hereby answer the Complaint of Plaintiff Hsuanyeh Law Group PC.

### THE PARTIES[1]

      1.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of the Complaint, and on that basis deny those allegations.

      2.     Defendants admit that Winston & Strawn is a Delaware Limited Liability Partnership. Defendants admit that Winston & Strawn is an international law firm with an office located at 200 Park Avenue, New York, NY 10166, and that Winston & Strawn was founded more than 160 years ago. Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

---

[1] For the Court's convenience, Defendants reproduce the headings from Plaintiff's Complaint. Defendants do not thereby concede, affirm, or otherwise adopt any of those headings.

1

3.      Defendants admit that Winston & Strawn has a Silicon Valley office located at 255 Shoreline Drive, Suite 520, Redwood City, CA 94065. Defendants admit that Mr. Rueckheim is a Partner at Winston & Strawn who works from Winston & Strawn's Silicon Valley office. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4.      Defendants admit that Winston & Strawn and Yuanda China Law Offices have a strategic alliance in Shanghai called YuandaWinston, which is located at 28th Floor, Jin Mao Building 88 Century Boulevard, Shanghai Pudong New Area 200121. Defendants admit that Mr. Chang is a Partner at Winston & Strawn who works from YuandaWinston. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.      Defendants admit that Winston & Strawn has a Chicago office located at 35 W. Wacker Drive, Chicago, IL 60601. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendants admit that Winston & Strawn has a Houston office located at 800 Capitol Street, Suite 2400, Houston, TX 77002. Defendants admit that Mr. Lewis is an Associate Attorney at Winston & Strawn who works from Winston & Strawn's Houston office. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 9 of the Complaint.

## FACTS

10.      Paragraph 10 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 10 of the Complaint.

11.      Defendants admit that the Hsuanyeh Law Group PC served as counsel of record for Phison Electronics Corporation in a patent infringement action brought by Unification Technologies LLC ("UTL") in the U.S. District Court for the Eastern District of Texas, Case No. 2:23-cv-00266-JRG-RSP, which is now closed.

12.      Defendants admit that Winston & Strawn served as counsel of record for Silicon Motion, Inc. ("SMI") in a patent infringement action brought by UTL in the U.S. District Court for the Eastern District of Texas, Case No. 2:23-cv-00267-JRG-RSP. Defendants admit that SMI stipulated with UTL to dismiss this action and the case was dismissed with prejudice. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.      Defendants admit that *UTL v. SMI*, Case No. 2:23-cv-00267-JRG-RSP (E.D. Tex.) was consolidated by court order with *UTL v. Phison Electronics Corporation*, Case No. 2:23-cv-00266-JRG-RSP (E.D. Tex.) on or around August 18, 2023. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 13 of the Complaint, and on that basis deny them.

14.      Defendants admit that on August 23, 2023, Plaintiff filed a motion in *UTL v. Phison Electronics Corporation*, Case No. 2:23-cv-00266-JRG-RSP (E.D. Tex.), and Defendants refer the Court to Exhibit A for a rendition of its content.

15.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint, and on that basis deny those allegations, except Defendants refer the Court to Exhibit B for a rendition of its content.

16.     Defendants admit that on or around August 23, 2023, Mr. Chang sent a message to Hsuanyeh Chang, PhD ("Dr. Chang") using WeChat's instant messenger regarding the motion that Plaintiff filed in *UTL v. Phison Electronics Corporation*, Case No. 2:23-cv-00266-JRG-RSP (E.D. Tex.). Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17.     Defendants admit that on August 24, 2023, Mr. Rueckheim signed and filed a motion on behalf of SMI in *UTL v. SMI*, Case No. 2:23-cv-00267-JRG-RSP (E.D. Tex.). Defendants deny the remaining allegations in Paragraph 17 of the Complaint, except Defendants refer the Court to Exhibit C for a rendition of its content.

18.     Defendants admit that on or around September 6, 2023, UTL filed a response in opposition to SMI's motion. The remaining allegations in Paragraph 18 contain legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 18 of the Complaint, except Defendants refer the Court to Exhibit D for a rendition of the content of UTL's response in opposition to SMI's motion.

19.     Paragraph 19 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     Defendants admit that in or around August and September 2023, Dr. Chang sent Mr. Chang messages. Paragraph 20 otherwise contains legal conclusions to which no response is required. To the extent that a response is required, Defendants lack knowledge or information

sufficient to admit or deny the remaining allegations in Paragraph 20 of the Complaint, and on that basis deny those allegations.

21.     Defendants admit that in or around November 2023, Mr. Chang removed Dr. Chang from his WeChat list of "friends." Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 21 of the Complaint, and on that basis deny those allegations.

22.     Defendants admit that Dr. Chang sent an email to Mr. Chang and Mr. Rueckheim on or around December 15, 2023, and refer the Court to Exhibit E for a rendition of its content. The balance of the allegations in Paragraph 22 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Complaint, and on that basis deny those allegations.

23.     Defendants admit that Winston & Strawn's Assistant General Counsel, Brant Weidner, emailed a letter to Dr. Chang on or around December 15, 2023. Defendants deny the remaining allegations in Paragraph 23 of the Complaint, except Defendants refer the Court to Exhibit F for a rendition of its content.

24.     Defendants refer the Court to Exhibit F for a rendition of its content and deny any allegations in Paragraph 24 inconsistent with Exhibit F.

25.     Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 25 of the Complaint, and on that basis deny those allegations, except Defendants refer the Court to Exhibit F and the Copyright Act for renditions of their content.

26.     Defendants admit that on or around April 13, 2023, Winston & Strawn published a news article on its website that referred to a conversation between *The American Lawyer* and Winston & Strawn's Chairman. Defendants refer the Court to Exhibit G for a rendition of its content. Defendants otherwise deny the allegations of Paragraph 26 of the Complaint.

27.     Paragraph 27 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 27 of the Complaint.

## COUNT I – COPYRIGHT INFRINGEMENT

28.     Defendants incorporate by reference their responses to Paragraphs 1 through 27 of the Complaint.

29.     Paragraph 29 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Paragraph 30 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Paragraph 31 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Paragraph 32 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Paragraph 33 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Paragraph 34 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Paragraph 35 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 35 of the Complaint.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny any allegations associated with Plaintiff's Prayer for Relief and deny that Plaintiff is entitled to any relief.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues that are so triable.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to raise affirmative defenses and any other defenses within the time permitted and as discovery proceeds.

Dated:  March 27, 2024

Respectfully submitted,

WINSTON & STRAWN LLP

_/s/ Sean R. Anderson_
Sean R. Anderson (Bar Code: SA0805)
WINSTON & STRAWN LLP
200 PARK AVENUE
NEW YORK, NY 10166-4193
+1 212-294-6700 Telephone
+1 212-294-4700 Facsimile
sranderson@winston.com

_Counsel for Defendants_

Winston & Strawn LLP, Michael R. Rueckheim,
Ya-Chiao Chang, Vivek V. Krishnan, and Evan D.
Lewis